**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
JADA WINTERS,

                        Plaintiff,

    - against -

PHOUNTAIN PH HOLDINGS CORP. and
PATRICK COOLEY,

                      Defendants.
------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

JADA WINTERS ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against Defendants PHOUNTAIN PH HOLDINGS CORP. ("Phountain") and PATRICK COOLEY ("Cooley"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the discrimination and retaliation provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the discrimination and retaliation provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iii) the aiding and abetting provision under the NYSHRL; and (iv) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC dated December 20, 2022 with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and an "employee" of Defendant Phountain and entitled to protection as defined by Title VII and the NYSHRL.

9. At all relevant times herein, Defendant Phountain is a New York corporation, with its principal place of business located at 866 Manor Lane, West Babylon, New York 11704.

10. At all relevant times herein, Defendant Phountain "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII and the NYSHRL.

## MATERIAL FACTS

11. Plaintiff became employed by Defendant Phountain's location at 19 East Sunrise Highway, Lindenhurst, New York 11757 (the "Lindenhurst Store") on or about August 31, 2020 as a Customer Service Representative.

12. On or about April 19, 2021, Defendant Cooley was transferred to the Lindenhurst Store location and became Plaintiff's supervisor.

13. In or about April 2021, Defendant Cooley began sexually harassing Plaintiff.

14. For example, when Plaintiff commented she was cold, Defendant Cooley would grab her hand

and rub it.

15. For an additional example, when the store was empty of customers, Defendant Cooley would touch Plaintiff's shoulders and say he was a really affectionate person.

16. On other occasions, Defendant Cooley stated to Plaintiff that she would "learn that [he was] a hugger."

17. On or about May 12, 2021, while Defendant Cooley was on a break, he sent Plaintiff a text asking, "Do you miss me?" Plaintiff ignored the text, but when Defendant Cooley returned he approached Plaintiff, asked if she received the text, and stated, "It's okay, I know you don't miss me."

18. On several occasions, Defendant Cooley would come up behind Plaintiff in close-knit spaces, such as behind the cash register counter, prompting her to leave the space until he vacated it.

19. On numerous occasions, Defendant Cooley asked Plaintiff on dates and suggested they go away together for the weekend.

20. Plaintiff never reciprocated Defendant Cooley's advances or encouraged him in any way, instead focusing on her work and not responding to his suggestions of dates and trips or his other sexually harassing behavior.

21. On or about May 19, 2021, Plaintiff, fed up, no longer felt comfortable reporting to work with Defendant Cooley. She did not go to work that day and instead reported Defendant Cooley's sexual harassment to Human Resources representative Emily Catrone in a text message reading:

> "Good morning Emily I wanted to reach out to you as a woman and express to you that I have been feeling very uncomfortable working with Patrick these past couple of weeks. On several occasions he has invaded my personal space by touching my shoulders[,] coming behind me when standing at the register and being overly touchy. He has also sent an inappropriate text while we were working which I ignored and has implied several times that we should hang out outside of work. At

this point this behavior and environment has really affected the way I view and feel within the work place, and felt I needed to speak up."

22. Catrone texted in reply, "Good morning Jada! Thank you for letting me know this. I'm glad you feel comfortable being able to do so. I will talk to Eric [Regional Manager] about it so he can handle the situation. Thank you."

23. Catrone followed up with a phone call to Plaintiff for more details, which Plaintiff provided, including the fact that Defendant Cooley had asked her for dates and suggested weekend trips. In this call, Plaintiff also shared that other female employees, from Defendant Phountain's Massapequa location, had warned her about Defendant Cooley prior to his being transferred to the Lindenhurst Store. Catrone asked Plaintiff to ask the other women to reach out to Human Resources.

24. After the call, Plaintiff forwarded Catrone the text from Defendant Cooley that read, "Do you miss me?" Catrone then sent Plaintiff a text that seemed to be intended for another recipient, reading, "We have a huge problem[.] 3 other girls came to Jada to warn her about him."

25. Catrone called Plaintiff later that day to ask if her absence from work that day had been related to the sexual harassment and her discomfort with Defendant Cooley. Plaintiff confirmed that this was correct.

26. Catrone asked Plaintiff what Plaintiff wanted to do about the sexual harassment and asked if she wished to be transferred to another store. Plaintiff declined this offer, as she relies on public transportation and working at any other store would make her commute very difficult. She explained that she only wanted to be comfortable while at work.

27. Approximately, two days later, Regional Manager Eric [Last Name Unknown] ("Eric") called Plaintiff and left a message. When Plaintiff called back, Eric said, in reference to Plaintiff's sexual harassment complaint, that they were "looking into everything like that and we

4

      appreciate you giving us a heads-up and sorry that went down."

28. Eric went on to say, "But really it kind of made us start looking into a lot of things," and stated that Plaintiff's employment was being terminated.

29. As a reason for the termination, Eric cited tardiness, no-shows, having an "ex-employee" behind the counter, using her phone, and a reference to "the TikTok stuff" that Plaintiff did not understand.

30. Prior to this call, Plaintiff had never been disciplined, counseled, or spoken to by management about any of the alleged problems cited by Eric, other than one write-up for tardiness. She had never had any "no shows", had never had an "ex-employee" of Defendant Phountain behind the counter, and knows nothing about any "TikTok stuff." Although she had occasionally been late on a few occasions due to problems with public transportation, she was not late 14 times, and she had always – other than the one occasion when she was written up – received approval from Defendant Cooley when she was late, as Defendant Cooley knew she relied on public transportation.

31. When Plaintiff subsequently texted Catrone to ask to pick up her paycheck, Catrone responded by texting, "You are banned from our Corporate Stores. Your check has been mailed to you. Any questions ask Eric."

32. Plaintiff has never heard of any other terminated employee being "banned" from Defendant Phountain's stores.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII
**(Not Against the Individual Defendant)**
(*Sexual Harassment*)

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

34. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of Defendant.

35. Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

    > It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.] (emphasis added).

36. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive sexual harassment of Plaintiff based on her sex.

37. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

38. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII
### (Not Against the Individual Defendant)
(*Retaliation*)

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

40. <u>Title VII of the Civil Rights Act of 1964</u>, *as amended*, <u>42 U.S.C</u>. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

41. As described above, Plaintiff engaged in protected activities, including making internal complaints to her supervisor regarding Defendant Cooley's sexual harassment.

42. As described above, after Plaintiff engaged in activity protected by Title VII, Defendant took adverse actions against Plaintiff by promptly terminating her employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

43. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

44. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

45. Defendant violated the section cited as set forth.

46. Plaintiff is entitled to the maximum amount allowed under this statute/law.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL**
**(Not Against the Individual Defendant)**
(*Sexual Harassment*)

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

7

48. New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (emphasis added)

49. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of NYSHRL, by subjecting her to sexual harassment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, sexual harassment of Plaintiff based on her sex.

50. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

51. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION UNDER THE NYSHRL
#### (Not Against the Individual Defendants)
*Retaliation in Violation of the NYSHRL*

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person

    because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

54. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, promptly terminating her employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

55. Defendant violated this section as set forth herein.

56. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

57. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL**
**(Against the Individual Defendant Only)**
(*Aiding and Abetting*)

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

61. Defendant Cooley violated this statute as set forth.

62. Plaintiff is entitled to the maximum amount allowed under this statute.

## **JURY DEMAND**

63. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Right Act of 1964 and New York Human Rights Law in that Defendants created and maintained a hostile work environment and otherwise discriminated against Plaintiff on the basis of her sex and race;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Right Act of 1964 and New York Human Rights Law in that Defendants retaliated against Plaintiff for making a complaint about sexual harassment;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Garden City, New York
March 3, 2023

**PHILLIPS & ASSOCIATES,<br>ATTORNEYS AT LAW, PLLC**

By: _____/s/_____
Joshua M. Friedman, Esq.
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
jfriedman@tpglaws.com