UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JADA WINTERS,

                Plaintiff,

- against -

PHOUNTAIN PH HOLDINGS CORP. and PATRICK COOLEY,

                Defendant.

Case No.: 2:23-cv-01668-JMA-JMW

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSS CLAIMS**

      Defendant PHOUNTAIN PH HOLDINGS CORP. (referred to herein as "Defendant"), by and through its undersigned counsel, hereby provides its answer and affirmative defenses to the Complaint (hereafter, "the Complaint") of Plaintiff JADA WINTERS (hereafter, referred to herein as "Plaintiff"), and states as follows:

## AS TO "NATURE OF THE ACTION"

      1.     Defendant admits to the extent that Plaintiff purports to pursue claims under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law for alleged harassment, discrimination, and retaliation, but denies that Plaintiff was subjected to any such conduct and denies that Plaintiff is entitled to any relief.

## AS TO "JURISDICTION AND VENUE"

      2.     Paragraph 2 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 4 of the Complaint.

## AS TO "PROCEDURAL PREREQUISITES"

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 5 of the Complaint.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 7 of the Complaint.

## AS TO "PARTIES"

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 8 of the Complaint.

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, except admits the truth of the

allegations that the answering Defendant PHOUNTAIN PH HOLDINGS CORP. is a New York Corporation.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

## AS TO "MATERIAL FACTS"

11. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, except admits the truth of the allegations that Plaintiff worked at the "Lindenhurst Store" for a period of time between September 2020 and May 2021.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 14 of the Complaint.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 15 of the Complaint.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 16 of the Complaint.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 17 of the Complaint.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 18 of the Complaint.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 19 of the Complaint.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 23 of the Complaint.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 26 of the Complaint.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 31 of the Complaint.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 32 of the Complaint.

**AS TO "AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII"**
**(Not Against the Individual Defendant)**
(*Sexual Harassment*)

33. Defendant repeats and reiterates its responses to paragraphs "1" through "32" above of this Answer as if fully stated herein.

34. Paragraph 34 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

**AS TO "AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII"**
**(Not Against the Individual Defendant)**
(*Retaliation*)

39. Defendant repeats and reiterates its responses to paragraphs "1" through "38" above of this Answer as if fully stated herein.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

**AS TO "AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL" (Not Against the Individual Defendant)**

(*Sexual Harassment*)

47. Defendant repeats and reiterates its responses to paragraphs "1" through "46" above of this Answer as if fully stated herein.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

**AS TO "AS AND FOR A FOURTH CAUSE OF ACTION UNDER THE NYSHRL"**
**(Not Against the Individual Defendants)**
*Retaliation in Violation of the NYSHRL*

52. Defendant repeats and reiterates its responses to paragraphs "1" through "51" above of this Answer as if fully stated herein.

53. Paragraph 53 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

**AS TO "AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL"**
**(Against the Individual Defendant Only)**
(*Aiding and Abetting*)

59. Defendant repeats and reiterates its responses to paragraphs "1" through "58" above of this Answer as if fully stated herein.

60. Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 60 of the Complaint.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 61 of the Complaint.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 62 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendant denies the allegations contained in unnumbered paragraphs of the Complaint asserting prayer for relief, and aver that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiff. Defendant reserves the right to amend its answer and to asserts any additional defenses as may become available or apparent during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred because Defendant at all times acted in good faith, and all actions taken with regard to Plaintiff were taken for lawful business reasons.

## THIRD AFFIRMATIVE DEFENSE

3. Defendant has acted in good faith and has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations and guidelines.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because recovery of cumulative liquidated damages under both FLSA and NYLL is not allowed under applicable law.

## FIFTH AFFIRMATIVE DEFENSE

5. The Complaint fails to state a claim against the defendant.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff has failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which he now complains.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to him under the applicable laws and their corresponding regulations.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendant has met and satisfied any and all obligations to Plaintiff that arose out of and during this respective employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

**TENTH AFFIRMATIVE DEFENSE**

10. The claims for pre-judgment interest under the New York Labor Law are preempted by the remedies provided by the Fair Labor Standards Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims are barred, in whole or in part, because the defendant was not the employer of Plaintiff, was not the cause of Plaintiff's purported damages, and otherwise are not a proper party to this lawsuit or liable for the claims alleged by Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Defendant has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with federal, state and local laws including, but not limited to, Section 8-107(13)(d) of Title 8 of the New York City Administrative Code.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred because in response to Plaintiff's report of allegedly unlawful conduct, Defendant took prompt remedial action, which brought an end to the allegedly offending conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Although Defendant denies that it owes any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated

damages because Defendant's actions with respect to the method of paying Plaintiff were taken in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The Court should not exercise subject matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to punitive damages insofar as Plaintiff cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to Defendant because of Defendant's good faith efforts to comply with federal, state and local law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred, in whole or in part, because he unreasonably failed to report or complain about any of the alleged unlawful conduct to Defendant as required under Defendant's anti-harassment policies, and Defendant's neither knew, nor had reason to know, that Plaintiff was subject to any of the alleged unlawful conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

19. All relevant factors should be considered in accordance with Section 8-107(13)(e) and (f) of Title 8 of the New York City Administrative Code.

## TWENTIETH AFFIRMATIVE DEFENSE

20. All actions taken or omitted by Defendant with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory and non-retaliatory business reasons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The named Defendant was not Plaintiff's employer, and as such, cannot be held liable under federal and/or state law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiffs' own conduct caused, in whole or in part, whatever damages he may have suffered.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate her purported damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Patrick Cooley was not Plaintiff's supervisor such that vicarious liability may not be imposed on Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Defendant was not negligent in failing to prevent harassment in the workplace.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's allegations were neither severe nor pervasive, and Plaintiff has not alleged that she was subjected to any differential treatment on the basis of her sex or gender.

## RESERVATION OF RIGHTS

Defendant reserves its right to add, amend and/or supplement this Answer to assert those defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

## CROSS CLAIMS AGAINST PATRICK COOLEY

Defendant/Cross-Plaintiff PHOUNTAIN PH HOLDINGS CORP. ("DEFENDANT" or "PHOUNTAIN PH HOLDINGS CORP."), by and through its undersigned attorneys, Seo Law Group, PLLC, hereby asserts the following Cross Claims against Defendant/Cross-Defendant Patrick Cooley 4 ("Patrick Cooley") pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, herein as follows:

## PARTIES

1. Cross-Plaintiff PHOUNTAIN PH HOLDINGS CORP. operates as a "immune system superstore" that offers various types of health supplements and detoxification services in the State of New York, including in Lindenhurst, New York.

2. Upon information and belief, Cross-Defendant Patrick Cooley is natural person who resides in the State of New York.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) as Cross-Defendant Patrick Cooley resides in this District.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367 as Cross-Plaintiff PHOUNTAIN PH HOLDINGS CORP.'s cross claim against Cross-Defendant Patrick Cooley are so related to the claims brought by Plaintiff in the underlying action as to form part of the same case or controversy.

## FACTS

5. Plaintiff worked as a customer service representative at PHOUNTAIN PH

HOLDINGS CORP.'s store located in Lindenhurst, New York (hereafter, the "Lindenhurst Shop" or "PHOUNTAIN PH HOLDINGS CORP.") for a period of time between September 2, 2020 and May 21, 2021.

6. Cross-Defendant Patrick Cooley began working as the manager of the Lindenhurst Shop during the last couple months of Plaintiff's tenure at the Lindenhurst Shop.

7. At relevant times, Patrick Cooley was obligated under New York law to be loyal to PHOUNTAIN PH HOLDINGS CORP. and was prohibited form acting in any manner inconsistent with his agency or trust, and was at all times bound by a duty of not taking any action of a discriminatory or retaliatory nature against PHOUNTAIN PH HOLDINGS CORP.'s workers, including Plaintiff.

8. Plaintiff alleges that, on or about April 19, 2023, Patrick Cooley was transferred to the Lindenhurst Store location and became her supervisor.

9. Plaintiff alleges that, in or about April 2021, Patrick Cooley began sexually harassing Plaintiff.

10. Plaintiff alleges that, on or about May 12, 2021, while Defendant Cooley was on a **_break_**, he sent Plaintiff a text asking, "Do you miss me"" and asked Plaintiff on a date and suggested they go away together for the weekend on several occasions.

11. Plaintiff alleges that, she reported Patrick Cooley's sexual harassment to PHOUNTAIN PH HOLDINGS CORP.'s Human Resources representative and the representative asked Plaintiff if she wished to be transferred to another shop, but Plaintiff declined the offer.

12. Plaintiff alleges that, she had occasionally been late *[to come to work]* on a few

occasions to due to problems with public transportation and was written-up for tardiness on one occasion, but was not late 14 times.

13. Plaintiff alleges that, she was "banned" from [coming to] PHOUNTAIN PH HOLDINGS CORP.'s store after she reported Patrick Cooley's sexually harassing conduct to the human Resources Representative.

14. PHOUNTAIN PH HOLDINGS CORP. does not have any role in controlling Patrick Cooley's usage of phone while he was taking a break and exercised its due diligence to provide remedial measure which Plaintiff declined.

## **CROSS CLAIM I – CONTRIBUTION**

15. PHOUNTAIN PH HOLDINGS CORP. repeats and realleges the allegations set forth in Paragraphs 1 through 14 of the Cross Claims as if fully set forth herein.

16. On or about March 3, 2023 Plaintiff commenced this action. In her Complaint, she alleges that she suffered discrimination and retaliation in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII") and New York State Human Rights Law ("NYSHRL"), as well as seeking damages under the aiding and abetting provision under the NYSHRL.

17. Plaintiff's allegations of discrimination, retaliation, and seeking damages under the aiding and abetting provision are directed at alleged sexually harassing conduct by Patrick Cooley. Thus, PHOUNTAIN PH HOLDINGS CORP. without admitting any liability herein, asserts that if liability be found against it in this action, it is entitled to and hereby claims contribution from Patrick Cooley.

## **CROSS CLAIM II – INDEMNIFICATION**

18. PHOUNTAIN PH HOLDINGS CORP. repeats and realleges the allegations set forth in Paragraphs 1 through 17 of the Cross Claims as if fully set forth herein.

15

19. While denying liability to Plaintiff for the violations and damages alleged, if judgment is recovered by Plaintiff against PHOUNTAIN PH HOLDINGS CORP. for discrimination, retaliation, and seeking damages under the aiding and abetting provision under NYSHRL, it is hereby asserted that PHOUNTAIN PH HOLDINGS CORP. is not morally culpable and its liability, if any, is merely constructive, technical, imputed or vicarious, and that Plaintiff's damages arise from the alleged conduct of Patrick Cooley.

20. Accordingly, PHOUNTAIN PH HOLDINGS CORP. without admitting any liability herein, asserts that if liability be found against it in this action for discrimination, retaliation, and seeking damages under the aiding and abetting provision, Patrick Cooley is obligated by operation of common law to indemnify PHOUNTAIN PH HOLDINGS CORP. and hold PHOUNTAIN PH HOLDINGS CORP. harmless from any and all claims which are the subject of Plaintiff's Complaint premised upon the alleged conduct of Patrick Cooley.

## CROSS CLAIM III – ATTORNEYS' FEES

21. PHOUNTAIN PH HOLDINGS CORP. repeats and realleges the allegations set forth in Paragraphs 1 through 20 of the Cross Claims as if fully set forth herein.

22. If liability is found against PHOUNTAIN PH HOLDINGS CORP. in this action for the alleged discriminatory, retaliatory, and any other unlawful conduct of Patrick Cooley, PHOUNTAIN PH HOLDINGS CORP. is entitled to its determined reasonable attorneys' fees, costs, and disbursements associated with its defense against Plaintiff's claims.

## DEFENDANT'S RELIEF REQUESTED

**WHEREFORE**, Defendant prays for judgment as follows:

A. Denying all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

B. Awarding PHOUNTAIN PH HOLDINGS CORP. its costs, disbursements, and reasonable attorneys' fees incurred in this action;

C. For contribution from Patrick Cooley as to Patrick Cooley's share of any judgment entered against PHOUNTAIN PH HOLDINGS CORP. concerning Plaintiff's retaliation claim;

D. For indemnification from Patrick Cooley for all damages as may be found due against PHOUNTAIN PH HOLDINGS CORP. in favor of Plaintiff concerning Plaintiff's retaliation;

E. For costs, disbursements, and reasonable attorneys' fees against Patrick Cooley arising from its defense against Plaintiff's claims for alleged conduct attributable to Patrick Cooley; and

F. Granting PHOUNTAIN PH HOLDINGS CORP. such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable.

Dated: Flushing, New York
May 3, 2023

SEO LAW GROUP, PLLC

/s/ *Diana Seo*

Diana Y. Seo, Esq.
136-68 Roosevelt Ave., Suite 726
Flushing, New York 11354
Tel: (718) 500-3340
Email: diana@seolawgroup.com
*Attorneys for Defendant*
*PHOUNTAIN PH HOLDINGS CORP.*

# CERTIFICATE OF SERVICE

I, Diana Y. Seo, hereby certify that, on May 3, 2023, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or this District Court's Local Rules, and/or this District Court's Rules on Electronic Service upon the following parties and participants:

> Dane Pierre, Esq.
> Phillips & Associates, PLLC
> 585 Stewart Avenue, Suite 410
> Garden City, NY 11530
> 516-365-3731
> Email: dpierre@tpglaws.com
>
> Joshua Mathew Friedman, Esq.
> Phillips & Associates, PLLC
> 585 Stewart Avenue, Suite 410
> Garden City, NY 11530
> 212-248-7431
> Email: jfriedman@tpglaws.com
>
> Cory H. Morris, Esq.
> Law Offices of Cory H. Morris
> 33 Walt Whitman Rd., Suite 310
> Dix Hills, NY 11746
> 516-410-2203
> Email: coryhmorris@gmail.com

Dated: Flushing, New York
     May 3, 2023                        /s/ *Diana Seo.*
                                                     Diana Y. Seo