Docket No: 23-cv-01668 (JMA)(JMW)

# United States District Court
## Eastern District of New York

**JADA WINTERS,**

*Plaintiff*

–v–

**PHOUNTAIN PH HOLDINGS CORP.
AND PATRICK COOLEY,**

*Defendants*

## AFFIRMATION IN OPPOSITION TO THE WITHDRAWAL OF PHOUNTAIN PH HOLDINGS CORP. COUNSEL

CORY H. MORRIS (CM 5225)

THE LAW OFFICES OF CORY H. MORRIS
*Attorney for Patrick Cooley*
Office & P.O. Address
863 Islip Avenue
Central Islip, NY 11722
Phone: (631) 450–2515
FAX:   (631) 223–7377
Email: Cory.H.Morris@protonmail.com

## AFFIRMATION IN OPPOSITION TO COUNSEL'S MOTION TO WITHDRAW

1. I am attorney of record for Defendant Patrick Cooley ("Cooley") who has been prejudiced by the conduct of Defendant Phountain PH Holdings Corp. (hereafter, "Phountain") as conducted by Diana Seo ("Seo"), member of the Seo Law Group, PLLC, that first appeared for all Defendants in this matter before filing a previous motion to withdraw from her representation of Patrick Cooley.

2. Counsel for Phountain withheld audio/video evidence pertinent to the claims asserted by Plaintiffs, that corroborates the defense offered by Patrick Cooley (that he is innocence) and disregarded her obligations under the local and federal rules of civil procedure in, among other things, preserving and producing evidence.

3. For the reasons that follow, Defendant Cooley respectfully requests a hearing prior to the release of counsel without substitution or dismissal of the claims asserted against him and default in favor of Plaintiff for failing to comply with successive Court Orders together with all other relief that this Court deems just and proper.

### Preliminary Statement and Procedural History

4. Ms. Seo previously appeared on behalf of all Defendants.

5. On April 9, 2023, I served a Litigation Hold Notice ("LHN") upon Plaintiff's counsel and all persons that had, *inter alia,* electronically stored information in cellular phones or other devices. A true and accurate copy of the LHN is annexed hereto as Exhibit "**A**".

6. Shortly thereafter, I was contacted by Ms. Seo who claims she stated to me telephonically that she "informed [Attorney for Cooley] that there should be miscommunication between my client and my firm and/or misunderstanding on my end as to the scope of my firm's representation," to which the undersigned responded that I was "still without a response as to whether pHountain plans on paying for Mr. Cooley's defense in this action. Kindly provide the retainer agreement/authorization for your representation of Mr. Cooley in the enclosed filing to the Court." A true and accurate copy of that electronic mail correspondence is annexed hereto as Exhibit "**B**".

7. Ms. Seo knew of the Litigation Hold Notice as she included the LNH in her first motion to withdraw, see D.E. 12-2, as Cooley's counsel but did not provide the retainer agreement or a response.

8. The parties met and conferred, discussing the obligation to produce electronically stored information that resulted in the proposed scheduling order [D.E. 15] submitted to the Court on May 3, 2023.

9. On May 4, 2023, Ms. Seo filed an answer and cross-claims against Patrick Cooley [D.E. 17] for which Mr. Cooley filed a premotion letter to dismiss the cross-claims [D.E. 21] on May 30, 2023.

10. Ms. Seo did not file any opposition to Mr. Cooley's premotion letter to dismiss the cross-claims asserted by Phountain against Mr. Cooley in the months of June, July, August, September or October.

11. On May 10, 2023, the Honorable United States Magistrate Judge ("USMJ") James M. Wicks ("Wicks") issued an Order requiring

"Rule 26(a)(1) disclosures …shall be completed by May 24, 2023" and setting the matter down for a settlement conference.

12. In her production of records to both parties, Ms. Seo, on behalf of Phountain, did not provide or identify audio or video surveillance she knew or had reason to know existed that exonerated Mr. Cooley.

13. On June 14, 2023, Ms. Seo and her client were late, her client showing up over an hour late in shorts and a t-shirt, there was no settlement offer made and no good faith negotiations ensued.

14. A great deal of expense was borne by all parties for a settlement conference that, at best, Ms. Seo's client-representative was unprepared for if not informed his presence was required.

15. On August 22, 2023, USMJ Wicks Ordered "the Settlement Conference scheduled for August 22, 2023 at 2:00 PM is CHANGED to October 31, 2023 at 10:30 AM."

16. Again, Ms. Seo and her client were late to the conference, did not negotiate in good faith and demanded monies from Patrick Cooley without the production of, *inter alia,* video surveillance evidence.

17. On October 31, 2023 USMJ Wicks scheduled depositions of Eric St. John ("St. John"), Phountain's corporate designee and Glenn Taylor ("Taylor"), the owner of Phountain. See D.E. 24, 27-28.

18. The parties agreed to conduct the deposition of St. John on December 1, 2023 and the deposition of Taylor on December 20, 2023.

19. As stated by Plaintiff's counsel (D.E. 34, P. 2), neither deponent appeared for the Court Ordered Deposition.

20. These Court Orders were disregarded and USMJ Wicks stated during the deposition of St. John that he would entertain the appropriate application when he received the same.

21. Ms. Seo did not appear during the deposition of non-party "Emily Cotrone, a former employee of Phountain," who "testified that St. John called her the day prior to his scheduled deposition and requested that she make a false statement" and testified to the existence of hard-drives and reviewing surveillance footage of Cooley and Plaintiff that exonerated Patrick Cooley. *Id.*

22. Patrick Cooley filed discovery demands for the video that non-party witness Emily Cotrone stated existed and for which Ms. Seo did cross-examine Plaintiff during her deposition testimony regarding.

23. Ms. Seo has not answered these demands although more than thirty (30) days have expired. She has not sought to extend her time to respond and, generally, Ms. Seo has engaged in this pattern of delay and dilatory tactics that prolong these proceedings.

24. As with Plaintiff's counsel, Mr. Cooley has unfairly expended thousands of dollars defending baseless claims against him, some of which were borne by Phountain when represented by Ms. Seo.

25. No video or retainer has been produced by Ms. Seo thus prejudicing Defendant Cooley who is unsure if a Rule 11 Safeharbor will be provided to Phountain as currently represented by Ms. Seo.

26. Accordingly, this withdrawal of counsel is occasioned by the violation of the federal rules of civil procedure together with successive Court Orders that were issued as a result of Phountain's delay.

## Legal Argument

### Point I.
### The Phountain Corporation cannot proceed Pro Se

27. As stated by USMJ Cheryl L. Pollak, "[i]t is well settled in this Circuit that 'a corporation [ ] cannot proceed pro se in federal court.'" *Omar v. 1 Front Street Grimaldi, Inc.*, No. 16 CV 5824 (LDH)(CLP) (E.D.N.Y. Mar. 22, 2019) (quoting *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp.*, No. 13 CV 05558, 2014 WL 4537481, at *5 (E.D.N.Y. Sept. 11, 2014) (citing *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)).

28. Although the above law is dispositive on this issue concerning its withdrawal, USMJ Cheryl L. Pollak further stated "[w]hether to grant or deny a motion to withdraw as counsel " 'falls to the sound discretion of the trial court.' " *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

29. Although courts in this Circuit have found that a client's nonpayment of fees constitutes "a satisfactory reason" for withdrawal, *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (citing cases), courts also consider whether " 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.' " *Whiting v. Lacara*, 187 F.3d 317,

320-21 (2d Cir. 1999) (quoting *Brown v. National Survival Games, Inc.*, No. 91 CV 221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)).

30. The Court may also consider "likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." *Stair v. Calhoun*, 722 F. Supp. 2d at 264.

31. As concluded by USMJ Cheryl L. Pollak "[i]f counsel's request to withdraw was granted, defendants would be left without representation and the corporate defendants would be subject to potential motions for default." *Omar v. 1 Front Street Grimaldi, Inc.*, No. 16 CV 5824 (LDH)(CLP).

32. Phountain, likely, has already been prejudiced in its failure for its counsel to participate in the non-party deposition, see, e.g., D.E. 34-1, of one of its former employees.

33. Ms. Seo has not stated a "severe financial hardship to the firm," *Stair v. Calhoun*, 722 F. Supp. 2d at 264, occurred but rather it appears that Phountain is engaging in, among other things, the tampering of evidence and violations of court order.

34. Further, not only was the initial [D.E. 21] motion to dismiss the cross-claims not timely opposed by Phountain, and thus should be granted, but the pending motions will not have counsel to oppose should counsel continue to refuse to participate. See D.E. 34; D.E. 34-3 (request for sanctions/attorney's fees).

35. Accordingly, the substitution of counsel may be appropriate here given Ms. Seo's affirmation but Phountain cannot proceed pro se and, indeed, should not be allowed to proceed in this Court if it will not comport itself with decency and basic decorum nevertheless the local and federal rules of civil procedure and, above all, Orders issued by this Honorable Court.

## Point II.
### If Phountain refuses to Comply after successive Court Orders, withdrawal should be conditioned on dismissal

36. Patrick Cooley, "[a]n individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund." *Southerland v. City of New York*, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting).

37. "The district court [ ] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); see also *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)").

38. "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." *Robinson v. Sposato*, No. 13-CV-3334, 2014 WL

1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

39. As stated by USMJ Anne Y. Shields in *Osborne v. Target Corporation*, No. CV 20-0434 (GRB)(AYS) (E.D.N.Y. Mar. 3, 2022). "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," *Id.* (citing *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 62-63 (2d Cir. 2000); see also *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

40. USDJ Anne Y. Shields continued, in her recommendation for dismissal, that generally, "no one factor is dispositive" *Id.* (citing *Lewis*, 564 F.3d at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 253 (2d Cir. 2004))); *Nita v. Conn. Dep't of Envtl. Prot.*, 16F.3d 482, 485 (2d Cir. 1994) but, the multiple factors as cited above dictate towards a dismissal under the circumstances presented here:

> "the duration of…failures or non-compliance…whether [Phountain] had notice that such conduct would result in dismissal; whether prejudice to the defendant is likely to result;… whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and whether the court adequately considered the efficacy of a sanction less draconian than dismissal."

*Osborne v. Target Corporation*, (E.D.N.Y. Mar. 3, 2022).

41. "[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).

42. "This delay is unnecessary, unfair, and has impeded Defendant's ability to marshal an effective defense." *Osborne v. Target Corporation*, No. CV 20-0434 (GRB)(AYS) (E.D.N.Y. Mar. 3, 2022).

43. This Honorable Court cited the Second Circuit when he repeated the importance of video disclosure that "***The basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush, sometimes called the sporting theory of justice, and avoid . . . surprise***" *Avila v. TARGET CORPORATION*, No. 21-CV-907 (PKC)(JMW) (E.D.N.Y. Sept. 22, 2021) (emphasis in original) (citation omitted).

44. "[V]ideo footage of the incident" was withheld in this case after not one but two settlement conferences and the deposition of both Plaintiff and Defendant Cooley.

45. Thus, USMJ Shields concluded that the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart*, 992 F.2d at 462 (citation omitted).

11

46. Accordingly, dismissal is more appropriate than simply the withdrawal of counsel to allow Phountain to continue to disregard the Orders of this Honorable Court and prejudice Cooley, who it submitted cross-claims against, in this action.

## Conclusion

47. Counsel for the corporation cannot simply withdraw, leaving her client (as she did during one deposition already) without counsel, there must be replacement counsel for the corporation at the very least.

48. A corporation can only be represented by counsel, if the Court allows her withdrawal, we respectfully request that the Corporation be held in default.

49. Accordingly, a hearing or a default, at the very least, must occur should, the Corporation refuse to comply with Court Orders prior to the release of current counsel, Ms. Seo.

DATED AT  Central Islip, N.Y.
December 29, 2023

*CORY H. MORRIS [S]*

CORY H. MORRIS (CM 5225)

THE LAW OFFICES OF CORY H. MORRIS
*Attorney for Patrick Cooley*
Office & P.O. Address
863 Islip Avenue
Central Islip, NY 11722
PHONE: (631) 450–2515
FAX:  (631) 223–7377
Email:  Cory.H.Morris@protonmail.com

12

To: Phillips & Associates,
Joshua Friedman, Esq.
45 Broadway #430
New York, NY 10006

Diana Y. Seo, Esq.
136-68 Roosevelt Ave, Suite 726
Flushing, NY 11354

Case 2:23-cv-01668-JMA-JMW Document 35 Filed 12/29/23 Page 12 of 12 PageID #: 155