

# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

January 5, 2024

Diana Y. Seo, Esq.
Tel: (718) 500-3340
Fax: (718) 504-6987
Email: diana@seolawgroup.com

**VIA ECF**
Hon. Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  Re: **Winters v. Phountain PH Holdings Corp., et al.**
     Case No. 2:23-cv-01668

Dear Judge Wicks:

  This office represents Defendant Phountain PH Holdings Corp. ("Phountain PH") in the above referenced matter. I write to submit a response to Plaintiff's Motion to Compel filed on December 27, 2024. (Dkt No. 34).

  During the Course of the litigation, Phountain PH had been cooperative with other parties and had been complying with the Court's procedures at least until Counsel suddenly lost contact with Phountain PH since on or about December 1, 2023. As Plaintiff stated in her motion, the representative of Phountain PH ("Mr. Glenn Taylor") appeared to attend the settlement conferences on the scheduled dates. Phountain PH has actively participated in the discovery stage by serving verified responses to Plaintiff's Interrogatories and serving relevant documents until some unknown circumstances caused its absence. Likewise, it is true that Mr. Taylor and the Corporate designee, Mr. Eric St. John ("Mr. St. John"), had been at least trying to participate in their depositions by providing their available dates, such as on November 21, 2023, November 22, 2023, November 30 2023, or December 1, 2023. (as to Mr. St. John) and on December 12, 2023, December 18, 2023, December 20, 2023, and December 22, 2023. (as to Mr. Taylor).

  On November 30, 2023, Counsel was able to confirm with the Corporate representative's ability to participate in the deposition scheduled on December 1, 2023. Although Counsel was unable to immediately contact the Corporate representative to (re)confirm his December 1, 2023 deposition schedule when she called him on November 30, 2023, Mr. St. John promptly returned Counsel's phone call *the same day* and readily confirmed the time and method of participating in the deposition scheduled for the next day.



# Seo Law Group, PLLC
136-68 Roosevelt Ave, Suite 726
Flushing, New York 11354
Phone: 718-500-3340

     At the inception of Mr. St. John's deposition scheduled on December 1, 2023, Counsel informed Plaintiff's Counsel of her inability to contact Mr. St. John and the possibility of an unexpected and/or inevitable circumstance(s) that Mr. St. John might have experienced (that might have eventually caused his absence) on his deposition date. A few minutes after the Corporate designee's scheduled deposition time, Phountain Ph's Counsel quickly made several attempts to reach out to Phountain PH via telephone and text messages. She promptly informed Plaintiff's Counsel of her inability to reach out to the Corporate designee. Thereafter, Plaintiff's Counsel decided to wait for Mr. St. John instead of immediately ending the deposition.

     Based on Counsel's observation of the Corporate designee when she spoke to him on the phone just one (1) day before his deposition, Counsel does not believe that he intentionally and/or willfully failed to appear at his deposition.

     "In deciding which sanction to impose, courts consider: (1) the willfulness of the acts of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1 (E.D.N.Y. 2013). Noncompliance is willful "when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." In re Fosamax Prods. Liab. Litig., No. 06-MD-1789 (JFK), 2013 U.S. Dist. LEXIS 40502, 2013 WL 1176061, at *1-2 (S.D.N.Y. Mar. 21, 2013) (quoting Davis v. Artuz, No. 96-CV-7699 (GBD), 2001 U.S. Dist. LEXIS 384, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001)) (internal quotation marks omitted).

     On December 27, 2023, Plaintiff filed a motion to compel the Corporate designee's and the representative's depositions, along with requesting monetary sanction in the amount of $1,045.00, inclusive of the 1-hour attorney's fee that Plaintiff Counsel spent to wait for Mr. St. John. If this Court decides that Phountain PH should pay the requested amount, it should only be required to pay a reasonable amount.

     I appreciate the Court's time and attention to this matter.

     Respectfully Submitted,

Seo Law Group, PLLC

By: __/s/ *Diana Seo*__
Diana Y. Seo, Esq.
*Attorneys for Defendant*
*Phountain PH Holdings Corp.*

cc: All counsel of record (via ECF)