UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JADA WINTERS,

                Plaintiff

   -against-

PHOUNTAIN PH HOLDINGS CORP. *et al*,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM ORDER**

23-CV-01668 (JMA) (JMW)

**A P P E A R A N C E S:**

Joshua Mathew Friedman, Esq.
**Phillips & Associates, PLLC**
585 Stewart Avenue, Suite 410
Garden City, NY 11530
*Attorneys for Plaintiff*

Diana Y. Seo, Esq.
**Seo Law Group, PLLC**
136-68 Roosevelt Avenue, Suite 726
Flushing, NY 11354
*Attorney for Defendant and Cross Claimant Phountain PH Holdings Corp.*

Cory H. Morris, Esq.
**Law Offices of Cory H. Morris**
33 Walt Whitman Rd, Suite 310
Dix Hills, NY 11746
*Attorney for Defendant and Cross Claimant Patrick Cooley*

**WICKS,** Magistrate Judge:

      Plaintiff, Jada Winters, commenced this suit against corporate Defendant, Phountain PH Holdings Corp., and individual Defendant, Patrick Cooley, alleging discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law ("NYSHRL"), New York State Executive Law, § 296 *et seq.* as well as aiding and abetting under the NYSHRL. (ECF No. 1.) Specifically, Winters alleges that Cooley sexually

1

harassed Plaintiff on several occasions. (*Id.*) Upon reporting this, Phountain fired her, citing "tardiness, no-shows, having an 'ex-employee' behind the counter, using her phone, and a reference to 'the TikTok stuff' that Plaintiff did not understand" as support. (*Id.* ¶ 29.)

In their latest applications, Diana Seo, counsel for Phountain, seeks an Order for permissive withdrawal from representing Phountain (ECF No. 31), and Plaintiff in turn, moves to compel depositions of Phountain and sanction the company for its failure to appear at the prior deposition (ECF No. 34). For the reasons that follow, Seo's motion to withdraw is granted (ECF No. 31) and Plaintiff's motion to compel and sanctions is denied without prejudice (ECF No. 34).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on March 3, 2023. (ECF No. 1.) The undersigned held an initial conference with the parties on May 10, 2023 at which point the Court directed the parties to complete Rule 26(a)(1) disclosures by May 24, 2023. (ECF No. 18.) A settlement conference took place on June 14, 2023 (*id.*), which was unsuccessful. Accordingly, the Court directed that fact discovery conclude on December 1, 2023 and expert discovery conclude on March 8, 2024. (ECF No. 22.) The undersigned held a continued settlement conference with the parties on October 31, 2023, which was also unsuccessful. (ECF No. 24.) The Court then extended the fact discovery deadline to December 31, 2023 and set the following deposition schedule:

- Plaintiff's deposition shall be held on November 15, 2023; and

- Cooley's deposition shall be held on November 28, 2023.

- Counsel for Defendant Phountain PH Holdings Corp. shall notify the parties and the Court by close of business on November 1, 2023 as to (1) Eric John's (Fed. R. Civ. P. 30(b)(6) witness) and (2) Glenn Taylor's (owner of Phountain) availability for a deposition.

(*Id.*)

On November 2, 2023, Seo informed the Court that she was unable to get in touch with Glenn Taylor to schedule his deposition and would follow up with the Court accordingly, and that Eric John's availability was confirmed and a deposition date was being solidified with opposing counsel. (ECF No. 27.) On November 6, 2023, Seo wrote to the Court that she heard back from Taylor and all counsel were in the process of confirming the two individual's deposition dates. (ECF No. 28.)

Despite these communications with her client and her representations to the Court, Seo nevertheless filed a motion to withdraw from representing Phountain, referring to an "inability to communicate with the Defendant and the Defendant's refusal to pay for attorney bills." (ECF No. 31.) Defendant Cooley opposes, stating that (1) substitution of counsel is appropriate here; (2) Phountain cannot proceed *pro se* so it should be held in default if the Court grants withdrawal; and (3) a hearing should be held regarding the possibility of dismissing Phountain's counterclaims against Cooley if Phountain continues its non-compliance with Court Orders. (ECF No. 35.)

Relatedly, Plaintiff filed a motion to compel requesting that the Court compel the depositions of Phountain and Taylor and sanction Phountain for its failure to appear at the December 1, 2023 deposition. (ECF No. 34.)

Defendant Cooley joins in the Plaintiff's application for sanctions, reiterating its request for either a pre-motion conference or immediate striking of Phountain's answer[1] and an entry of

---

[1] Phountain asserts three cross claims against Cooley—contribution, indemnification, and attorney's fees. (ECF No. 17.) Defendant Cooley filed a pre-motion letter to dismiss the cross-claims (ECF No. 19.) That pre-motion letter is before District Judge Joan M. Azrack.

3

default judgment against Phountain for its "multiple repeated violations of court order". (ECF No. 36 at 1.)

Counsel for Phountain responds that Phountain had been compliant up until she lost contact with her client on December 1, 2023. (ECF No. 37.) Specifically, she states that Phountain "actively participated in the discovery stage" and she had made several efforts to get the deposition dates. (*Id.*) She emphasizes that Phountain did not intentionally or willfully fail to appear at the December 1 deposition. (*Id.*) Counsel also argues that only a reasonable amount should be designated for Phountain to pay Plaintiff.

## DISCUSSION

1. **Motion to Withdraw**

    a. **Legal Framework**

    Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

    > An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d

4

Cir. 1999).) New York's Rules of Professional Conduct ("NYRPC")[2] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16(b)) and permissive (*see* NYRPC rule 1.16(c)). The grounds proffered here, an irreconcilable conflict and failure to pay, fall within the permissive bucket. *See* NYRPC rules 1.16(c)(5)[3] and (7).[4] The American Bar Association Code of Professional Responsibility ("Model Code") provides further guidance on permissive withdrawal of an attorney.[5] Such circumstances include when the representation "has been rendered unreasonably difficult." Model Code 1.16(b)(6). Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

When a client makes it unreasonably difficult for an attorney to effectively carry out representation, sufficient grounds exist to justify permissive withdrawal under the rules. *See Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citation omitted); *see also Guichard v. Toulon*, No. 19-CV-3443 (JS) (JMW), 2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (same); *Interpool, Inc. v. JJS Transportation*

---

[2] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11-cv-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[3] Withdrawal is permitted when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." NYRPC rule 1.16(c)(5).

[4] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NYRPC rule 1.16(c)(7); *see also Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 (S.D.N.Y. Dec. 19, 2012) (citing the same).

[5] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003).

*& Distribution Co.*, No. 22-CV-01103 (JMA) (JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) (same).

Motions to withdraw based upon the grounds urged here pose the unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while at the same time not divulging confidential or privileged communications or otherwise cause prejudice to the client. *See* N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients). One option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal. *See, e.g., Team Obsolete Ltd. V. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw). The Court finds here that further detail is not necessary to determine the instant application.

    **b. Application**

Seo seeks permissive withdrawal because of her inability to communicate with Phountain since September 2023 and its refusal to pay for attorney bills. (ECF No. 31.) She states that Phountain has delayed its response to her regarding its availability for a deposition. (ECF No. 31-1 at 1.) Seo also avers that Phountain's corporate witness failed to appear at the December 1, 2023 deposition despite being scheduled and notwithstanding that she reached out to the representative numerous times. (*Id.* at 2.) Further, she claims Phountain has "defaulted paying its attorneys over the course of the action." (*Id.*) Seo states that her withdrawal would have minimal impact on timing since most depositions have been conducted, all required documents have been filed, and will not prejudice the Plaintiff. (*Id.* at 3.)

Defendant Cooley opposes (ECF No. 34), stating he has been prejudiced by Phountain's conduct prior to Seo's motion to withdraw. Cooley claims that Seo failed to comply with Court Orders on several occasions: (1) failed to file a timely opposition to Cooley's pre-motion letter to

6

dismiss Phountain's cross-claims against Cooley filed on May 30, 2023 (*see* ECF Nos. 21 and 25); (2) Seo failed to provide or identify audio or video surveillance that she knew would exonerate Cooley; and (3) failed to appear timely to both settlement conferences before the undersigned. (ECF No. 34.) He states that as a result of Phountain's actions, he has had to spend thousands of dollars defending this litigation. (*Id.*)

Cooley states that Phountain, a corporation, cannot appear *pro se* in this case. (*Id.*) He further states that Phountain itself has been prejudiced by Seo's representation since she failed to appear at Cotrone's, a key witness and employee of Phountain, deposition. (*Id.*) Further, he states that Phountain will not have counsel for future filed motions and thus the substitution of counsel is appropriate here. (*Id.*)

Cooley further requests that if Phountain refuses to comply with successive Court orders, then withdrawal of Phountain's claims should be conditioned on dismissal pursuant to Fed. R. Civ. P. 41(b). (ECF No. 34.) Specifically, dismissal of Phountain's claims, rather than Seo's withdrawal, is warranted because of its failure to comply with Court orders causing unreasonable delay and its withholding of video surveillance. (*Id.*)

Here, Seo represents that she "has frequently experienced difficulty communicating with Phountain PH since in or around late September 2023" and has been "unable to contact her client *at all*, since December 1, 2023." (ECF No. 31-1 at 3.) In addition to her inability to communicate with Defendant, she also states that Defendant has not paid her firm throughout the action. (*Id.* at 2.)

Both of these proffered reasons, an uncooperative client and deliberate non-payment of fees, fall squarely with the reasons for permissive withdrawal. *See* NYRPC rules 1.16(c)(5) and (7); *see also* Model Code 1.16(b)(6). The Court is satisfied that Phountain has made it

7

unreasonably difficult for counsel to effectively represent it such that permissive withdrawal is warranted. *See Casper v. Lew Lieberbaum & Co.*, No. 97-cv-3016 (JGK) (RLE), 1999 WL 335334, at *4 (S.D.N.Y.1999) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."); *Guichard v. Toulon*, No. 19-CV-3443 (JS) (JMW), 2022 WL 2612351, at *2 (E.D.N.Y. June 1, 2022) (noting that plaintiff "ha[d] been unresponsive, and [counsel] ha[d] been unable to act effectively in litigating th[e] matter"). Phountain's lack of cooperation is also evident in its tardiness at the scheduled settlement conferences and Seo's delay in filing the letter with his availability for a deposition and subsequent failure to wholly appear at the deposition itself. If Seo were to continue representing Phountain, it appears that she would not have any success in communicating with them and would continue to unnecessarily accrue attorney's fees. This makes withdrawal warranted. *Ruiz v. Keratin Bar Inc.*, No. 17-CV-2216 (VEC), 2020 WL 7079904, at *4 (S.D.N.Y. Dec. 3, 2020) (noting that good cause for withdrawal exists "where there are irreconcilable differences with respect to the proper course to be pursued in the litigation. . . or where the relationship between plaintiffs and their attorney has deteriorated to the point where further representation is inappropriate."); *Harris v. Millington*, No. 2007-CV-3391 (ERK) (MDG), 2008 WL 11438291 (E.D.N.Y. Sep. 18, 2008) (granting withdrawal based on client's failure to pay fees and because of material breakdown in attorney-client relationship); *see also Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-CV-4039 (DRH) (WDW), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (finding that client's failure to pay legal fees constituted a basis for granting motion to withdraw) (collecting cases).

A corporate entity, however, cannot appear *pro se*. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *see also Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT),

8

2006 WL 8439497, at *2 (E.D.N.Y. Dec. 4, 2006) (recognizing that a corporation may not proceed *pro se*, and upon grant of motion to withdraw, permitting time for entity to retain new counsel). As such, Defendant Phountain shall appear through new counsel on or about February 19, 2024.

### c. Request for Charging Lien

Counsel Seo states that she intends to assert a charging lien against her client and seeks "the proceeds of that lien, and any other rights it may have to fees and/or costs in connection with the services it has performed on Phountain PH's behalf." (ECF No. 32 at 2.)

Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." *Naguib v. Pub. Health Sols.*, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010)). Section 475 of the New York Judiciary Law, provides:

> From the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action. . . which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law Section 475 (McKinney 1983).

"The Second Circuit has made clear that Section 475 governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts." *Stair*, 722 F. Supp. at 267 (quotes omitted).

However, a charging lien is a right afforded when the party represented is seeking affirmative relief, not merely defending an action. The courts in this Circuit have found that "a defendant's attorney cannot obtain a charging lien unless the client asserts a counterclaim."

9

*Geron v. Schulman (In re Manshul Constr. Corp.*), 225 B.R. 41, 50 (S.D.N.Y. Bankr. 1998). Thus, because Phountain has not asserted any counterclaims against Plaintiff, she is not entitled to assert a charging lien. *See Roseman & Colin v. Richard,* 850 F.2d 57 (2d Cir. 1988) (finding that attorneys who simply defend their client's interest without obtaining affirmative recovery are not entitled to a charging lien); *Cincotta v. Hempstead Union Free Sch. Dist.*, No. 15-CV-4821 (ADS) (AKT), 2016 U.S. Dist. LEXIS 164000, at *5-6 (E.D.N.Y. Nov. 29, 2016) (denying counsel's request for a charging lien because there was no counterclaim interposed). And the fact that Phountain has asserted cross claims for contribution, indemnification, and attorney's fees against Defendant Cooley are insufficient to obtain a charging lien. *See, e.g., United Orient Bank v 450 W. 31st St. Owners Corp.,* 589 N.Y.S.2d 390 (N.Y. Sup. Ct. 1992) (denying a charging lien for withdrawing counsel where the only claim was a cross claim for indemnity). Those claims merely shift the loss in the event judgment is entered against Phountain, they do not seek affirmative recovery.

For the foregoing reasons, Seo's motion to withdraw as counsel for Phountain is granted, however to the extent counsel seeks to assert a charging lien, that is denied. .

II.      **Motion to Compel**

The Court next addresses (1) Plaintiff's motion to compel depositions of Phountain and Glenn Taylor, Phountain's owner, and to sanction Phountain for its failure to appear at the prior deposition and (2) Cooley's request to find Phountain in default (ECF No. 35).

Plaintiff's and Cooley's motions to compel and for various sanctions are denied without prejudice and may be renewed upon Phountain's retaining new counsel. Further and as stated on the record at the Status Conference on January 18, 2024, Defendant Phountain is forewarned that failure to engage with counsel or comply with Court Orders and discovery may result in sanctions. *See Sanchez v. Jyp Foods Inc.*, No. 16-CV-4472 (JLC), 2018 WL 4502008, at *3

10

(S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (stating that courts look to several factors when considering the appropriate sanction pursuant to Fed. R. Civ. P. 16 and 37 including (1) the reason for the noncompliance, such as the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the period of time the noncompliance persisted; and (4) whether the non-compliant party had been forewarned of the consequences of noncompliance); *see also Sullivan v. Aircraft Servs. Grp., Inc.*, No. 19-CV-6500 (MKB) (CLP), 2022 WL 16901850, at *4 (E.D.N.Y. Nov. 10, 2022) at *4 ("Indeed, courts have awarded attorney's fees and costs where sanctions were appropriate but where the court found that the sanctioned party's conduct did not rise to a level that would warrant the more severe sanctions of dismissal or default.").

## **CONCLUSION**

For the reasons stated above:

(1) Seo's motion to withdraw as counsel for Phountain (ECF No. 31) is granted, however the request for a charging lien denied. Phountain shall by **February 19, 2024** retain substitute counsel and file a notice of appearance on ECF. All dates and deadlines will be stayed until that date and will be reset at the next status conference.

(2) A Status Conference will be held before the undersigned on **March 7, 2024 at 10:00 AM** via the Court's Zoom to assess the status of discovery and whether a new schedule needs to be imposed. *See Harris v. Millington*, No. 07-CV-3391 (ERK) (MDG), 2008 WL 11438291, at *1 (E.D.N.Y. Sept. 18, 2008) ("Although discovery has not completed, this Court will stay discovery to give defendant time to seek new counsel and will issue a new scheduling order at the next conference.")

(3) On or before **January 22, 2024,** Seo shall serve a copy of this Order on Defendant Phountain and its principals and file proof of service on ECF.

(4) Plaintiff's motion to compel and for sanctions (ECF No. 34) is denied, without prejudice.

Dated: Central Islip, New York
January 18, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge