UNITED STATES DISTRICT COURT                    <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JADA WINTERS,

                              Plaintiff,                    **<u>ORDER</u>**
                                                           23-CV-01668 (JMA) (JMW)
          -against-


PHOUNTAIN PH HOLDINGS CORP. *et al*,

                              Defendants.
------------------------------------------------------------X
**A P P E A R A N C E S:**

          Dane Pierre, Esq.
          Joseph A. Myers, Esq.
          Joshua Mathew Friedman, Esq.
          Phillips & Associates, PLLC
          585 Stewart Avenue, Suite 410
          Garden City, NY 11530
          *Attorneys for Plaintiff*

          Cory H. Morris, Esq.
          Law Offices of Cory H. Morris
          33 Walt Whitman Rd, Suite 310
          Dix Hills, NY 11746
          *Attorney for Defendant and Cross-Claimant Patrick Cooley*

          *No appearance for Defendant and Cross-Defendant Phountain PH Holdings Corp.*


**AZRACK, District Judge:**

          Plaintiff Jada Winters commenced this suit against corporate Defendant Phountain PH

Holdings Corp. ("Phountain"), and individual Defendant Patrick Cooley, alleging discrimination

and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and the New York State Human

Rights Law ("NYSHRL"), New York State Executive Law, § 296 *et seq.* as well as aiding and

abetting under the NYSHRL. (ECF No. 1.) Specifically, Winters alleges that Cooley sexually

harassed her on several occasions. (*Id.*) After she reported the harassment, Phountain fired her.

1

While Plaintiff brings discrimination and retaliation claims under Title VII and the NYSHRL against Phountain, the only claim against Cooley is a "Discrimination" claim under the NYSHRL for aiding and abetting.

Currently before the Court is (1) Plaintiff's motion for default judgment against Phountain, (ECF No. 47), and (2) Cooley's motion for default judgment, motion to dismiss, and motion for sanctions against Phountain, (ECF No. 50). For the reasons set forth herein, Plaintiff's motion is GRANTED and Cooley's motion is GRANTED in part and DENIED in part. Additionally, the Court will decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL claim against Cooley and dismiss that claim without prejudice.

## I. BACKGROUND

### A. **Plaintiff's Complaint**

Plaintiff was a customer service representative working for Phountain at its Lindenhurst location. (Compl. ¶ 11, ECF No. 1.) Cooley was transferred to her store and became Plaintiff's supervisor. (*Id*. ¶ 12.) According to Plaintiff's Complaint, Cooley began to sexually harass Plaintiff, making physical contact with her body and often engaged in verbal harassment. (*Id*. ¶¶ 12-19.) Specifically, he would grab her hand and rub it when she complained that she was cold; touch her shoulders randomly; tell her he was a "hugger;" text her "do you miss me?;" would come up behind her in close spaces; and asked her on dates. (*Id*.)

Plaintiff complained to Phountain's Human Resources representative, Emily Cotrone, who stated she would speak with the company's regional manager. (*Id*. ¶¶ 21–22.) Plaintiff asked for an update on her complaint and additionally told Cotrone that other women warned her about Cooley. (*Id*. ¶ 23.) Cotrone offered to transfer Plaintiff to another store, but she declined since her commute would be very difficult with the transfer. (*Id*. ¶ 26.)

Phountain's manager, Eric St. John, called Plaintiff and told her that he appreciated her giving the company a heads-up about Cooley and apologized for Cooley's behavior.  He also stated that her complaint made the company "start looking into a lot of things."  (*Id.* ¶¶ 27-28.)  St. John subsequently terminated Plaintiff, citing her for alleged tardiness, no-shows, using her phone during her shift, and allowing an ex-employee behind the counter.  (*Id.* ¶¶ 28-29.)  Plaintiff, however, disputes these reasons as she had never been disciplined in the past.  (*Id.* ¶ 30.)

## B. <u>Procedural History</u>

After Plaintiff commenced this action on March 3, 2023, Phountain and Cooley retained separate counsel.  (ECF Nos. 8, 11.)  On May 4, 2023, Phountain filed an answer and counterclaims against Cooley for indemnification, contribution, and attorney's fees.  (ECF No. 17.)  Magistrate Judge James M. Wicks held an initial conference with the parties on May 10, 2023 at which point the Court directed the parties to complete Rule 26(a)(1) disclosures by May 24, 2023.  (ECF No. 18.)  Judge Wicks held two settlement conferences on June 14, 2023 and October 31, 2023 with the parties, both of which were unsuccessful.  (ECF Nos. 22 and 24.)  Phountain was late to the June 14, 2023 settlement conference.

On May 18, 2023, Cooley filed a pre-motion conference letter to dismiss Plaintiff's claims against him, asserting that this Court lacks jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Phountain does not qualify as employer under Title VII.  Cooley also argued that Plaintiff's Complaint failed to plausibly allege that:  (a) Cooley aided and abetted the alleged discrimination or (b) that Cooley was responsible for any materially adverse changes to Plaintiff's employment.  (ECF No. 19.)  Plaintiff responded, arguing that jurisdiction exists because Phountain satisfied the 15-employee requirement for Title VII claims and that her claims against Cooley were plausible.  (ECF No. 23.)

On May 30, 2023, Cooley also filed a separate pre-motion conference letter for an anticipated motion to dismiss the crossclaims asserted by Phountain against him. (ECF No. 21.) Phountain filed a belated response on November 1, 2023. (ECF No. 25 at 2-3.)

Throughout the course of this action, Phountain has been evasive with discovery and responding to its own counsel, which culminated in Phountain's counsel filing a motion to withdraw as Phountain's attorney on December 14, 2023. (ECF No. 31.)

On December 27, 2023, Plaintiff filed a motion to compel, requesting that the Court: (1) compel the depositions of Phountain's corporate representative and owner; and (2) sanction Phountain for its failure to appear at a December 1, 2023 deposition. (ECF No. 34.) Cooley joined in the Plaintiff's application for sanctions, reiterating its request for either a pre-motion conference or the immediate striking of Phountain's answer and an entry of default judgment against Phountain for its "multiple repeated violations of court order." (ECF No. 36 at 1.) Counsel for Phountain filed a response, alleging that Phountain had been compliant up until she lost contact with her client on December 1, 2023. (ECF No. 37.)

On January 18, 2024, Judge Wicks granted defense counsel's request to withdraw and ordered Phountain to retain substitute counsel by February 19, 2024. (ECF No. 39.) Judge Wicks denied the motion to compel and motions for sanctions without prejudice and with leave to renew upon Phountain retaining new counsel. (*Id.* at 10.) Judge Wicks also warned Phountain that failure to comply with Court orders could result in sanctions. (*Id.*)

On February 20, 2024, Cooley's pending pre-motion conference letters, (ECF Nos. 19, 21), were referred to Judge Wicks. (Electronic Order dated Feb. 20, 2024.) Judge Wicks then held a pre-motion conference on Cooley's pre-motion letters. (ECF No. 42.) However, because Phountain had failed to retain new counsel by the required deadline, Judge Wicks found Phountain

in default and set a date for the remaining parties to move for default judgment and sanctions against Phountain.  (*Id.*)

Following that conference, Plaintiff requested a certificate of default against Phountain, (ECF No. 43), and the Clerk of the Court entered default against it, (ECF No. 44.)  Thereafter, on April 8, 2024, Plaintiff moved for default judgment and for an inquest to determine damages.  (ECF No. 47.)  The same day, Cooley moved for default judgment and sanctions against Phountain.  (ECF Nos. 47 and 50.)  Judge Wicks identified certain procedural deficiencies with the motions, (Electronic Order dated Apr. 15, 2024), which the parties subsequently corrected, (ECF Nos. 54-56).

On April 12, 2024, Cooley filed an answer to Plaintiff's complaint as well as crossclaims against Phountain for "Spoliation" and Retaliation under Title VII.

Phountain has not responded to any of the pending motions.

## II.  DISCUSSION

### A.  Plaintiff's Motion for Default Judgment

#### 1.  Legal Framework for Default Judgment

There is a two-step process for the granting of default judgments under Fed. R. Civ. P. 55.  First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action.  *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.2.  After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment.  Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2(b).  The decision to grant a motion for default judgment is left to the discretion of the district court. *United States v. Dougherty*, No. 15-cv-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016), *report and recommendation adopted*, 2016 WL 4705549 (E.D.N.Y. Sep. 7, 2016).

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a plaintiff must still demonstrate that the allegations set forth in the Complaint state valid claims. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted)). The Court must therefore ensure the plaintiff's allegations, when accepted as true, establish liability as a matter of law. *See id.*

### 2. Analysis

Granting a default judgment here is clearly warranted. Despite Judge Wicks' warning, Phountain—which cannot proceed *pro se* in federal court—has refused to obtain new counsel and, thus, cannot defend this action. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). Phountain's failure to retain new counsel warrants entering default against it. *See* (ECF No. 40 at 8); *Trustees of Loc. 807 Lab. Mgt. Pension Fund v. Showtime on the Piers, LLC*, No. 21-CV-3677, 2023 WL 2969298, at *3-4 (E.D.N.Y. Mar. 6, 2023); *Trustees of Bldg. Trades Educ. Benefit Fund v. Romero Electric LLC, 19-CV-3515,* 2021 WL 3604811, at *4 (E.D.N.Y. July 19, 2021), *report and recommendation adopted*, 2021 WL 3603613 (E.D.N.Y. Aug. 13, 2021).

Before addressing liability, the Court will address subject matter jurisdiction and personal jurisdiction. The Court finds that it has subject matter jurisdiction over this suit and personal jurisdiction over Phountain.

Phountain forfeited any challenge to personal jurisdiction by appearing in this action and filing an answer that did not assert, as an affirmative defense, that personal jurisdiction was lacking. "It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading." City of New York v. Mickalis

6

Pawn Shop, LLC, 645 F.3d 114, 134 (2d Cir. 2011) (citing Fed. R. Civ. P. 12(h)).  Phountain did not seek to file any motion to dismiss on personal jurisdiction grounds and instead filed crossclaims against Cooley and engaged in discovery until its counsel withdrew.  The Court also finds that—even absent Phountain's forfeiture—the Court has personal jurisdiction over Phountain based on both general jurisdiction and specific jurisdiction.

Although Cooley asserts that the Court lacks subject matter jurisdiction, that argument is meritless.[1]  The Court has subject matter jurisdiction over this case.  The Court now turns to the issue of Phountain's liability.

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor.  *Finkel*. 577 F.3d at 79.  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  *Id.*

Here, the allegations in the complaint establish that Phountain is liable for discrimination (in the form of a hostile work environment) and retaliation under Title VII and the NYSHRL.  Accordingly, the Court finds Phountain is liable for these four claims.

---

[1]  Cooley contends that the Court lacks subject matter jurisdiction over Plaintiff's claims because Phountain is allegedly not an "employer" within the meaning of Title VII.  (ECF No. 50-2 at 24.)  This argument is meritless.

Under Title VII, the "term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…."  42 U.S.C. § 2000e(b).  However, the question of whether a defendant qualifies as an "employer" under Title VII goes to the merits of Plaintiff's claims and is not an issue of subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006); *Gallagher v. Visitdays Corp Defendants*, 22-CV-8553, 2022 U.S. Dist. LEXIS 220844, at *1 (S.D.N.Y. Dec. 7, 2022) ("It is well settled, however, that 'the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue.'") (quoting *Arbaugh*, 546 U.S. at 516)).

Accordingly, the Court has subject matter jurisdiction over this case.  With respect to the merits of Plaintiff's Title VII claims, she has plausibly alleged that Phountain has the requisite number of covered employees to qualify as an "employer."

Once liability for default is established—as is the case here—the next inquiry on a motion for default judgment is damages.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. *See Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234. "[I]t [is] not necessary for the District Court to hold a hearing" to determine the amount of damages, "as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Liability has been established against Phountain. Plaintiff has requested a damages inquest to determine her damages on her claims against Phountain. (ECF No. 48 at 12.) This request is granted. Plaintiff is granted leave to file a separate submission concerning damages, which shall include all of her evidentiary support for such damages, by April 2, 2025.

**B.** **Cooley's Motion for Default Judgment, Dismissal and Sanctions Against Phountain**

Cooley has filed a "Motion for Default Judgment, Dismissal, and Sanctions" against Phountain.

### 1. Phountain's Crossclaims Are Dismissed

Phountain's failure to retain counsel and failure to prosecute its crossclaims against Cooley warrants dismissal of those crossclaims. Phountain's failure to retain counsel renders it impossible for Phountain to appear in this action and prosecute its crossclaims.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the [claimant] fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the [claimant's] failure to comply with the court order, (2) whether [the claimant] was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the [claimant's] interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, all of the factors weigh in favor of dismissal of the crossclaims.

*First*, Phountain has failed to comply with court orders in retaining counsel and failed to appear at court-ordered conferences. (*See* ECF Nos. 40 and 42.) *Second*, Phountain was informed that a corporate entity cannot appear *pro se* and was also "forewarned that failure to engage with

counsel or comply with Court Orders and discovery may result in sanctions." (ECF No. 40 at 8-10.) Phountain and its principals were served a copy of the Court's order stating the same on January 22, 2024. (ECF No. 41.) *Third*, the other parties—Plaintiff and Cooley—will be prejudiced by further delay. *Fourth*, Judge Wicks valiantly attempted to move this case along, which is evident from him setting deposition dates, (ECF No. 24). *Finally*, no other sanctions would be appropriate given that Phountain has failed to retain counsel, has evaded discovery and depositions, and has ignored court orders. For these reasons, the Court dismisses Phountain's crossclaims against Cooley pursuant to Rule 41(b) with prejudice.

### 2. Cooley's Motion for Default Judgment

To the extent that Cooley's motion for default judgment seeks dismissal of Phountain's crossclaims, that relief has already been granted.

Cooley's motion for default judgment also appears to seek a default judgment against Phountain based on the crossclaims Cooley alleged against Phountain in Cooley's April 12, 2024 "Answer and Crossclaims." (ECF No. 53.)

Cooley alleged two crossclaims against Phountain. Cooley's first crossclaim is for "Spoliation." Cooley's pleading does not state whether this claim is brought pursuant to federal or state law. In either event, this claim fails because there are no free-standing causes of action for spoliation under federal law or New York law. See Cummerlander v. Patriot Preparatory Acad., No. 13-CV-0329, 2013 WL 5969727, at *2 (S.D. Ohio Nov. 8, 2013) (holding that there is no free-standing claim for spoliation under federal common law); Landis v. Remington Arms Co., No. 8:11-CV-1377, 2012 WL 6098269, at *2 (N.D.N.Y. Dec. 7, 2012) ("New York State, in following the majority view, does not recognize spoliation of evidence as an actionable tort."). Because this claim fails as a matter of law, Cooley's motion for default judgment is denied as to this claim.

Cooley's second cause of action alleges retaliation under Title VII.  Specifically, Cooley alleges that he engaged in protected activity by appearing in this lawsuit to defend himself and that Phountain retaliated against him by bringing baseless crossclaims for indemnification, contribution, and attorney's fees.[2]

In this case, Plaintiff's complaint alleges that Cooley harassed Plaintiff and sought to hold Phountain liable for that harassment.  Plaintiff's allegations concerning Cooley—and not Cooley's protected activity (i.e., his defense of Plaintiff's claims against him)—are the obvious explanation for Phountain's crossclaims against Cooley.  Cooley's allegations that Phountain's crossclaims are retaliatory are not plausible.  Moreover, even assuming that Phountain's default is sufficient to establish its liability on Cooley's retaliation claim concerning the crossclaims, Cooley's motion for default judgment neither seeks any recoverable damages nor provides any proof in support of recoverable damages.  The "Damages" section of Cooley's motion for default judgment seeks all of Cooley's attorney's fees because Phountain failed to produce an allegedly exculpatory video, which is discussed in further detail infra.[3]  This request for damages, however, concerns Cooley's spoliation claim, not his retaliation claim concerning retaliatory crossclaims.  Accordingly, the

---

[2] In addition to asserting that Phountain filed retaliatory crossclaims against him, Cooley also alleges:

> To the extent that Equal Employment Opportunity Commission proceedings occurred, codefendant [Phountain] did withhold said proceedings from Patrick Cooley, evidence from all parties, and did retaliate against him for his participation in or opposing any illegal actions taken against [Phountain] employees.

(ECF No. 35 ¶ 14.)  This confusing paragraph—which references, without further explanation, Cooley's alleged "participation in or opposing any illegal actions taken against [Phountain] employees"—does not plausibly allege any retaliation claims.  Moreover, to the extent Cooley is attempting to allege that Phountain retaliated against him by failing to disclose allegedly exculpatory video recordings, that claim is, given the allegations in the complaint, not plausible.  It is not plausible that—in order to retaliate against Cooley—Phountain would intentionally withhold an exculpatory video that would also be helpful to Phountain's own defense.  Even assuming arguendo that Phountain negligently failure to preserve the video recordings, such negligence would not plausibly suggest a retaliation claim.

[3] Confusingly, Cooley filed his motion for default judgment on April, 8, 2024, before he filed his April 12 "Answer and Crossclaims."  The Court also notes that the docket does not indicate that Cooley served a copy of his Answer and Crossclaims on Phountain.

Court finds that Cooley has failed to establish any damages for his retaliation claim against Phountain.

The Court notes that the only attorney's fees that Cooley could possibly recover as damages for his retaliation claim concerning the crossclaims would be the attorney's fees that he incurred in litigating Phountain's crossclaims.  On May 30, 2023, Cooley filed a pre-motion conference letter that sought to dismiss Phountain's crossclaims.  Cooley, however, has not provided any billing records for the time incurred in connection with that letter or pointed the Court to any other time his counsel spent addressing the crossclaims.

Cooley's motion for default judgment provided him with the opportunity to submit evidence of damages for his retaliation claim.  Because Cooley has failed to provide any such evidence, the Court finds Cooley is not entitled to any damages and will not grant him leave to file additional evidence of damages.

### 3. Cooley's Motion for Sanctions in the Form of Attorney's Fees

Courts look to several factors when considering an appropriate sanction pursuant to Fed. R. Civ. P. 16 and 37 including (1) the reason for the noncompliance, such as the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the period of time the noncompliance persisted; and (4) whether the non-compliant party had been forewarned of the consequences of noncompliance.  *See Sanchez v. Jyp Foods Inc*., 16-CV-4472 (JLC), 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir. 2009)).

Cooley requests sanctions against Defendant Phountain for its misconduct during discovery, including Phountain's failure to produce allegedly an exculpatory video.  (ECF No. 50-2 at 9.)  Cooley maintains that because this video was exculpatory, Phountain should be required

to pay, as a sanction, all the attorney's fees Cooley has incurred in defending this action. Phountain did not produce this video. Relatedly, Phountain failed to respond to Cooley's discovery requests concerning video and audio recordings. Additionally, Phountain failed to produce Phountain's corporate designee and owner for their scheduled depositions, and ignored court orders.

Phountain has not filed a response to Cooley's sanctions motion.

Cooley's motion papers assert that an employee named Emily Cotrone testified at her deposition that she reviewed video recordings that exonerated Cooley. (Pl.'s Mem. at 3, 11, 13.) Cooley's motion, however, does not include the relevant deposition testimony from Cotrone concerning this video.[4] As such, there is no persuasive evidence in the record concerning the content of this alleged video. Accordingly, the Court denies Cooley's request that he be awarded all the attorney's fees he incurred in defending this action.

The Court also notes that, even assuming <u>arguendo</u> that this video exists and had some exculpatory value, nothing in the record suggests that this video would have enabled Cooley to obtain dismissal of this action prior to summary judgment at the close of discovery. This is a further reason why awarding Cooley all the attorney's fees he incurred to date in defending this action would not be an appropriate sanction.[5]

---

[4] Specifically, Cooley's brief alleges that "Emily Cotrone confirmed that video surveillance of Defendant Patrick Cooley and Plaintiff was maintained by the Corporate Defendant and reviewed to evaluate the veracity of Plaintiff's claims to which Ms. Cotrone stated that Mr. Cooley did not do any of things that Plaintiff alleges occurred." (Pl.'s Mem. at 14, ECF No. 50-2.) A declaration provided by Cooley's attorney asserts, in conclusory fashion, that "[s]worn testimony evidences that the Corporate Defendants withheld surveillance video that exonerates Defendant Patrick Cooley in this matter." (Decl. of Cory Morris, ECF No. 50-3.)

[5] Cooley's claims about this allegedly exculpatory video are puzzling. If this video is as favorable as Cooley claims, this video would have presumably exonerated both Cooley and Phountain given that Plaintiff's hostile work environment claim against Phountain is premised on Cooley's alleged harassment of Plaintiff. While it is possible that Phountain failed to preserve a video that would have strongly supported its own defense, that scenario seems somewhat unlikely.

While the Court declines to award Cooley all the attorney's fees he incurred, the Court finds that Phountain should still be sanctioned for its conduct during discovery, which includes failing to respond to Cooley's discovery requests concerning video and audio recordings, failing to produce Phountain's corporate designee and owner for their scheduled depositions, and ignoring court orders.

The Court finds that Cooley's counsel expended ten hours addressing these issues. Accordingly, the Court orders Phountain to pay Cooley $4,500 in attorney's fees as a sanction.

The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a 'presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Cooley's counsel seeks an hourly of rate $750 per hour, which is the hourly rate set out in Cooley's retainer agreement. Even accounting for counsel's resume, his billing rate is well beyond the range typically awarded in this Circuit for Title VII cases. *Smart v. United States Lab. for Hire, Inc.*, 20-CV-5594, 2024 U.S. Dist. LEXIS 119658, at *59 (E.D.N.Y. June 26, 2024) (stating that the typical range for partners litigating Title VII cases is $300 to $450 per hour); *Shuford v. Cardoza*, No. 17-CV-6349-JRC, 2024 U.S. Dist. LEXIS 34763, at *8 (E.D.N.Y. Feb. 28, 2024) (stating that the typical billing rate for partners in Title VII cases is $200 to $450). The Court finds that $450 per hour is a reasonable hourly rate for Cooley's counsel and orders Phountain to pay Cooley $4,500 as a sanction.[6]

---

[6] On the final page of his motion, Cooley requests that the sanction award include the time incurred in drafting the instant sanctions motion. The Court grants that request and will increase the sanction award to account for that time provided that Cooley submits billing records for the sanctions motion by March 26, 2025. The Court notes that Cooley's April 8, 2024 motion sought both sanctions and a default judgment. The Court will award Cooley all his reasonable attorney's fees for this combined motion for sanctions and default judgment as the issues raised therein are related and intertwined.

14

## C. **The Court Declines Supplemental Jurisdiction over the NYSHRL Claim Against Cooley**

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

As explained below, the Court will decline to exercise supplemental jurisdiction over Plaintiff's NYSHRL claim against Cooley.

The Court has already granted Plaintiff's request for a default judgment as to liability on all her claims against Phountain, including her Title VII claims, the only federal claims in this case.[7]  All that remains with respect to Phountain is for the Court to determine damages.  Plaintiff's damages submission may allow the Court to determine damages without a hearing.  At most, a short damages hearing will be held and the Court will determine the amount of damages.

By contrast, Plaintiff's state law claim against Cooley must still be fully litigated on the merits.  That claim is brought under the NYSHRL, which, as a result of recent amendments, now employs "a different, more liberal substantive standard" than Title VII.  *Fitzgerald v. We Co.*, No. 20 CIV. 5260, 2022 WL 952963, at *10 & n. 10 (S.D.N.Y. Mar. 30, 2022).  Cooley will likely move for summary judgment based on the full record.  Plaintiff will surely contest such a motion and, in the event that summary judgment is not granted, a jury trial will have to be held on this state law claim with respect to both liability and damages.  Given all the circumstances here, the

---

[7] The Court notes that while Plaintiff seeks damages from Phountain for both discrimination and retaliation, the Complaint only alleges a "Discrimination" claim against Cooley.  This point further weighs in favor of declining supplemental jurisdiction.  Moreover, even if Plaintiff had alleged a NYSHRL retaliation claim against Cooley, the Court would still decline supplemental jurisdiction over the state law claims against Cooley.

Court finds that Plaintiff's NYSHRL claim against Cooley substantially predominates over the claims against Phountain and concludes that it is appropriate to decline to exercise supplemental jurisdiction over the NYSHRL claim against Cooley. *See Sturzenacker v. CMC Restoration*, *Inc.*, No. 5:17-CV-00113-JFL, 2017 WL 3262518, at *3 (E.D. Pa. July 31, 2017) (declining supplemental jurisdiction over state law claim when only remaining federal claim was against defendant who defaulted); *Boyd v. Herron*, 39 F. Supp. 2d 1129 (N.D. Ind. 1999) (same).

Accordingly, the Court will dismiss Plaintiff's NYSHRL claim against Cooley without prejudice so that the Plaintiff and Cooley may litigate that state law claim in state court.[8]

### III.  CONCLUSION

As set forth above, the Court:  (1) grants Plaintiff's motion for default judgment and grants Plaintiff's request to submit additional evidence of damages by April 2, 2025; (2) dismisses Phountain's crossclaims against Cooley; (3) orders Phountain to pay Cooley $4,500 as sanctions; (4) otherwise denies Cooley's motion for default judgment and sanctions; and (5) dismisses Plaintiff's NYSHRL claim against Cooley without prejudice so that this claim can be litigated in state court.

**SO ORDERED.**

Dated:  Central Islip, New York
        March 12, 2025

                                            ___/s/  (JMA)___
                                            JOAN M. AZRACK
                                            United States District Judge

---

[8]  In Cooley's April 8, 2024 motion, he explicitly requested that, in light of Phountain's default, the Court should "refuse to exercise supplemental jurisdiction over the state law claims." (Pl.'s Mem. at 16.)  Plaintiff did not oppose, or object to, this request.